CRIMINAL ACTION NO. 4:17CR-00012-JHM

UNITED STATES OF AMERICA                                               PLAINTIFF

V.

RICHARD G. MAIKE                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Richard G. Maike, to disqualify Assistant United States Attorney Marisa Ford pursuant to the Kentucky Rules of Professional Conduct, 18 U.S.C § 205, and the United States Attorneys Manual [DN 22]. Fully briefed, this matter is ripe for decision.

## BACKGROUND

In 2014, the Federal Bureau of Investigations ("FBI") began investigating Defendant, Richard G. Maike, and his company, Finance Ventures, LLC. On January 14, 2015, a United States Magistrate Judge authorized the execution of federal search warrants at Maike's Owensboro residence and the business office of Maike's accountant for evidence related to mail fraud, wire fraud, and money laundering.

One month later, on February 13, 2015, Maike and Finance Ventures filed a civil action in the Western District of Kentucky against Charles King ("King") alleging defamation and intentional interference with business relationships. Finance Ventures, LLC, et al. v. Charles King, 4:15CV-28-JHM. King invested in Finance Ventures and posted YouTube videos online in which he alleged Maike and Finance Ventures were engaged in fraudulent activity. King proceeded *pro se* in the civil action. A pretrial conference in the civil action was scheduled for

April 14, 2017, and the jury trial was scheduled for April 17, 2017. Magistrate Judge Brent Brennenstuhl conducted a settlement conference on April 10, 2017. The report from the settlement conference indicated that the settlement conference adjourned with an offer of settlement on the table and "[f]ollowing continued negotiations throughout the week between the Court and counsel and/or parties, the parties were unable to reach a settlement of the case . . . ." (Civil Action No. 4:15CV-00028-JHM, DN 62 at 1.)

On April 12, 2017, the United States filed a criminal complaint against Maike. United States v. Richard G. Maike, 4:17MJ-10. On April 13, 2017, the United States, by and through its counsel, Marissa Ford ("AUSA Ford"), moved to intervene in the civil action and to stay the proceedings until the conclusion of the federal criminal case. In her motion, AUSA Ford described King as a victim and potential witness in the criminal case and argued that the United States "believes that proceeding with trial as scheduled in this civil litigation will disrupt and unfairly prejudice the interests of the United States in the prosecution of the criminal case." (Civil Action No. 4:15CV-00028-JHM, DN 58 at 3.) Additionally, AUSA Ford argued that because King is *pro se*, "he cannot adequately represent during a civil trial the interests of the United States in the proper presentation of evidence." (Id.) Maike objected to the motion to intervene.

The Court held a pretrial conference in the civil action on April 14, 2017. AUSA Ford appeared on behalf of the United States. At the conference, AUSA Ford indicated that the United States did not represent King and that she had never spoken to him before. AUSA Ford indicated that King had communicated with FBI Agent Dave McClelland in March of 2017 that the parties in the civil action had tentatively agreed that King would take down his YouTube videos, that neither party would pay any money, and that the civil suit would be dismissed.

However, Ford represented that Maike informed McClelland the week of the scheduled pretrial conference that the settlement proposal tendered by Maike and Finance Ventures now contained an affidavit with untrue statements and a consent judgment for $700,000. According to AUSA Ford, King had indicated to McClelland that he did not intend to sign these documents. AUSA Ford maintained that the affidavit and consent judgment, if signed, appeared to have the potential to compromise the integrity of the Government's criminal case. Ford further argued to the Court that as a *pro se* defendant in this case, King was not in a position to present the evidence the government has or protect its interest. At the pretrial conference, King confirmed that he had agreed to the simple terms mentioned above, but that when he received the settlement documents, additional items were contained in the release that he did not authorize.

At the end of the pretrial conference, the Court questioned the parties to the civil action, "what are the chances of you-all settling this on the basis of those three simple ideas?" [Civil Action No. 4:15CV-00028-JHM, DN 63 at 19.] The Court adjourned the pretrial conference and left King and Maike's attorneys to talk. When the Court reconvened, the parties informed the Court that they had reached a settlement agreement and tendered an Agreed Order of Dismissal. [Id., DN 60]. The motion to intervene by the United States was rendered moot.

## DISCUSSION

Defendant, Richard Maike, maintains that by filing a motion on behalf of the United States to intervene and stay the civil action, AUSA Ford engaged in legal representation of a third party and now has a conflict of interest or an appearance of a conflict warranting her disqualification from further involvement in this case. Defendant contends that federal law prohibits an Assistant United States Attorney from providing legal advice to third persons. 18

U.S.C. §§ 203, 205[1]; USAM 1-4.320.[2]  Department of Justice regulations further prohibit activities that conflict with official duties, and the Kentucky Supreme Court Rules prohibit concurrent conflicts of interest. 5 C.F.R. § 2635.802[3]; SCR 3.130(1.7).[4]  Defendant argues that AUSA Ford's conduct in the civil action violated these laws and regulations justifying disqualification.

### A. Standard

"District courts possess broad discretion when deciding whether counsel for one of the parties before it should be disqualified."  Greene v. Independent Pilots Ass'n, 2016 WL 6877745, at *2 (W.D. Ky. Nov. 21, 2016).  The disqualification of Government counsel is a "drastic measure and a court should hesitate to impose it except where necessary." United States v. Bolden, 353 F.3d 870, 878 (10th Cir. 2003) (citing Bullock v. Carver, 910 F. Supp. 551, 559 (D. Utah 1995)). See also Cope v. United States, 272 Fed. Appx. 445, 449 (6th Cir. 2008) (quoting Bolden, 353 F.3d at 878).  Thus, "courts have disqualified AUSAs 'only in limited circumstances,' such as where an appointed prosecutor represents multiple parties in a case and where a prosecutor plans to testify as a witness at the defendant's trial."  United States v.

---

[1] An employee of the United States Government, "other than in the proper discharge of his official duties" may not act as an "attorney for anyone before any department, agency, court, court-martial, officer, or civil, military, or naval commission in connection with any covered matter in which the United States is a party or has a direct and substantial interest." 18 U.S.C. § 205.

[2] "Employees may not engage in outside activities, including employment, that conflict with their official duties. An activity conflicts with an employee's official duties if it would require him to disqualify himself from matters so critical that his ability to perform his official duties would be impaired."§ 1-4.320 OUTSIDE ACTIVITIES GENERALLY, DOJML USAM 1-4.320

[3] "An employee shall not engage in outside employment or any other outside activity that conflicts with his official duties. An activity conflicts with an employee's official duties: (a) If it is prohibited by statute or by an agency supplemental regulation; or (b) If, under the standards set forth in §§ 2635.402 and 2635.502, it would require the employee's disqualification from matters so central or critical to the performance of his official duties that the employee's ability to perform the duties of his position would be materially impaired." 5 C.F.R. § 2635.802

[4] "Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.  KY SCR 3.130, RPC Rule 3.130(1.7).

<u>Zamichieli</u>, 2015 WL 3668147, at \*10 (E.D. Pa. June 15, 2015)(citing <u>United States v. Vega</u>, 317 F. Supp. 2d 599, 602 (D. Virgin Islands 2004)(collecting cases)). AUSAs are prohibited "from providing legal assistance--with or without compensation--in any case in which the United States is a party or has a direct and substantial interest." § 1-4.320 OUTSIDE ACTIVITIES GENERALLY, DOJML USAM 1-4.320 (citing 18 U.S.C. §§ 203, 205). Additionally, "[f]ederal prosecutors are subject to state ethics guidelines to the same extent and manner as other attorneys practicing in the state." <u>United States v. Willett</u>, 682 Fed. Appx. 375, 379 (6th Cir. 2017)(citing 28 U.S.C. § 530B(a)).

## B. Representation of Third Party or Conflict of Interest

Defendant has failed to raise a credible claim that AUSA Ford has a conflict of interest in her involvement with this criminal matter. Contrary to the Defendant's argument, AUSA Ford did not engage in legal representation of King in the civil action. The record reflects that AUSA Ford filed a motion to intervene and stay the proceedings in the civil case on behalf of the United States in an effort to protect the Government's criminal case. In her filings with the Court in the civil matter, AUSA Ford specifically argued that proceeding with the trial as scheduled in the civil litigation would disrupt and unfairly prejudice the interests of the United States in the prosecution of the criminal case. Further, AUSA Ford maintained that King, as a *pro se* defendant, could not adequately represent the interests of the United States during the civil trial. Furthermore, at the outset of the pretrial conference, AUSA Ford advised the Court that she was not there on behalf of King. In fact, the record reflects that Ford met King for the first time at the pretrial conference. For these reasons, the Court finds that AUSA Ford represented the interests of the United States in her motion to intervene in the civil matter and in her appearance

at the pretrial conference.  She did not represent King, did not advise him on legal matters, and does not have a conflict of interest, or even an appearance of a conflict, in prosecuting this case.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Richard G. Maike, to disqualify Assistant United States Attorney Marisa Ford [DN 22] is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

August 15, 2017

cc: counsel of record