# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CRIMINAL ACTION NO. 4:17CR-00012-JHM

UNITED STATES OF AMERICA                                                          PLAINTIFF

V.

RICHARD G. MAIKE, et al.                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Doyce Barnes, to dismiss the indictment for failure to state an offense. [DN 78]. Defendants, Richard Anzalone and Faraday Hosseinipour, move to join in Barnes's motion to dismiss. [DN 82, DN 83]. Fully briefed, these matters are ripe for decision.

## I. BACKGROUND

On June 14, 2017, the grand jury returned an indictment against Richard Maike, Angela Leonard-Maike, Doyce Barnes, Richard Anzalone, Faraday Hosseinipour, Dennis Dvorin, Jason Syn, Finance Ventures, LLC (d/b/a Infinity 2 Global or I2G). The indictment alleges that between February 6, 2013, and continuing to September 30, 2014, Maike, Barnes, Anzalone, Hosseinipour, Dvorin, and Syn (hereinafter the "Defendants"), engaged in a $25 million dollar "pyramid" scheme, operating under the name Infinity 2 Global or I2G, by representing that investors would receive a return on investment based upon an on-line internet gaming site called i2gcasino.com. The indictment further alleges that these Defendants falsely represented that Infinity 2 Global or I2G was generating massive profits from its on-line internet gambling site and that the public could share in the profits through the purchase of a $5,000 "Emperor" position at I2G. The indictment claims that these claims were false and that I2G was operating

as a fraudulent pyramid scheme in which inflated returns were paid to early promoters in order to induce later victim-investors to invest in the company. (Indictment [DN 1] at ¶¶ 1-2.)

The indictment charges Defendant, Doyce Barnes, co-owner of Finance Ventures, with a single count of conspiracy to commit mail fraud under 18 U.S.C. § 1349. (Id., Count 1 at ¶¶19-21.) Specifically, the indictment alleges that the Defendants "did knowingly combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to commit offenses against the United States, including violations of Title 18, United States Code, Section 1341 (mail fraud)." (Id. at ¶ 20.) The indictment alleges numerous overt acts involving the mail. (Id. at ¶ 21.)

## II. MOTIONS TO JOIN

The motions by Defendants, Richard Anzalone and Faraday Hosseinipour, to join in Barnes's motion to dismiss [DN 82, DN 83] are granted. The Court considered these Defendants' arguments in deciding the motion to dismiss filed by Barnes.

## III. MOTION TO DISMISS

Defendant moves to dismiss Count 1 of the indictment against him pursuant to Federal Rules of Criminal Procedure 12 which states that a party may move to dismiss the indictment for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). The Federal Rules of Criminal Procedure "'clearly envision that a district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion so long as the court's findings on the motion do not invade the province of the ultimate finder of fact.'" United States v. Clegg, 2015 WL 2406103, *2 (S.D. Ohio May 20, 2015)(quoting United States v. Jones, 542 F.2d 661, 664 (6th Cir. 1976)). It is well established that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against

which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974). "When considering a motion to dismiss an indictment, 'the [c]ourt must view the [i]ndictment's factual allegations as true, and must determine only whether the indictment is valid on its face.'" Clegg, 2015 WL 2406103, *2 (quoting Costello v. United States, 350 U.S. 359, 363 (1956)).

Defendant Barnes argues that the allegations of the indictment fail to state an offense against him. According to Barnes, the indictment lacks any allegations concerning an essential element of the claim against Barnes – the proper *mens rea*, or criminal intent, for conspiracy to commit mail fraud. Barnes complains that the United States nowhere alleges in the indictment that Barnes acted with the intent to defraud, that he knowingly participated in a scheme to defraud, or that he knew that the Infinity business model allegedly constituted a pyramid scheme. Barnes maintains that these omissions are fatal to the Government's allegations that Barnes engaged in a conspiracy to commit mail fraud. As a result, Barnes contends that the indictment against him should be dismissed.

"[W]hen the indictment charges a conspiracy: [i]t is well settled that [in] an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy." United States v. Ogbazion, 2017 WL 1315813, at *8 (S.D. Ohio Apr. 10, 2017)(quoting United States v. Superior Growers Supply, Inc., 982 F.2d 173, 176 (6th Cir. 1992)(citing United States v. Reynolds, 762 F.2d 489, 494 (6th Cir. 1985)) (emphasis added). "To establish conspiracy to commit [mail] fraud under 18 U.S.C. § 1349, the government must demonstrate that 'two or more persons conspired, or agreed, to commit the crime of [mail fraud] and that the defendant knowingly and voluntarily joined the conspiracy.'"

3

Ogbazion, 2017 WL 1315813, *8 (quoting United States v. Harrison, 663 Fed. Appx. 460, 464 (6th Cir. 2016) (quoting United States v. Rogers, 769 F.3d 372, 377 (6th Cir. 2014)).[1]

Based on this authority, the offense of conspiracy to commit mail fraud charged in Count 1 of the indictment does not need to "'allege with technical precision all the elements essential to . . . the object of the conspiracy [(i.e., [mail] fraud)]." Ogbazion, 2017 WL 1315813, *8 (quoting Superior Growers, 982 F.2d at 176). "Rather, the charge must detail the conspiracy." Id. In the present case, the indictment adequately alleges that Defendant Barnes knowingly conspired and agreed with others to commit the offense of mail fraud. (Indictment at ¶ 20.) As noted above, the indictment further "specifies the timeframe of the conspiracy, the objective of the scheme, and the manner and means by which the scheme was accomplished." Ogbazion, 2017 WL 1315813, *9.

For these reasons, the Court finds that Count 1 of the indictment contains the essential elements of the mail fraud conspiracy offense, the indictment is legally sufficient to give Defendant Barnes notice of the charge against him, and the allegations set forth in the indictment are "sufficiently specific to plead double-jeopardy should he ever face the same charge, based on the same facts." Id. at *10. Accordingly, Barnes's challenge to the indictment is without merit.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motions by Defendants, Richard Anzalone and Faraday Hosseinipour, to join in Barnes's motion to dismiss [DN 82, DN 83] are granted.

---

[1] See also United States v. Adkins, 2017 WL 1855751, at *5 (E.D. Ky. Mar. 30, 2017), report and recommendation adopted sub nom. United States v. Daugherty, 2017 WL 1731700 (E.D. Ky. May 3, 2017); United States v. Roberts, 2009 WL 5449224, at *9–10 (E.D. Tenn. Nov. 17, 2009), report and recommendation adopted, 2010 WL 56085 (E.D. Tenn. Jan. 5, 2010), aff'd sub nom. United States v. Howley, 707 F.3d 575 (6th Cir. 2013)(citing Wong Tai v. U.S., 273 U.S. 77, 81 (1927); United States v. Fruehauf Corp., 577 F.2d 1038, 1071 (6th Cir. 1978) (concluding that the indictment "identified the object offenses, referring appellants to the specific statutory sections involved, and for the purpose of an indictment charging a conspiracy offense, that was sufficient").

4

**IT IS FURTHER ORDERED** that the motion by Defendants, Doyce Barnes, Richard Anzalone, and Faraday Hosseinipour, to dismiss the indictment for failure to state an offense [DN 78] is denied.

*Joseph H. McKinley*
**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

November 2, 2017