UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CRIMINAL ACTION NO. 4:17CR-00012-JHM

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.

RICHARD G. MAIKE, et al.                                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Richard G. Maike, for a bill of particulars for Counts 11 and 12 of the Second Superseding Indictment. [DN 271]. The United States responded. [DN 301]. Maike filed a reply. [DN 322]. Fully briefed, this matter is ripe for decision.

I. BACKGROUND

On November 13, 2019, the grand jury returned a Second Superseding Indictment against Richard Maike, Doyce Barnes, Richard Anzalone, Faraday Hosseinipour, Dennis Dvorin, and Jason Syn. The Second Superseding Indictment alleges that between February 6, 2013, and continuing to December 31, 2014, Maike, Barnes, Anzalone, Hosseinipour, Dvorin, and Syn engaged in a $25 million dollar "pyramid" scheme, operating under the name Infinity 2 Global or I2G, by representing that investors would receive a return on investment based upon an on-line internet gaming site called i2gcasino.com. The Second Superseding Indictment further alleges that Defendants falsely represented that I2G was generating massive profits from its on-line internet gambling site and that the public could share in the profits through the purchase of a $5,000 "Emperor" position at I2G. The Second Superseding Indictment asserts that these claims were false and that I2G was operating as a fraudulent pyramid scheme in which inflated returns were

paid to early promoters in order to induce later victim-investors to invest in the company. [DN 230 at ¶¶ 1–2]. The Second Superseding Indictment charges Defendants with conspiracy to commit mail fraud under 18 U.S.C. §§ 1341 and 1349 and securities fraud under 15 U.S.C. § 78j(b) and 18 U.S.C. § 371. Richard Maike is also charged with nine counts of money laundering under 18 U.S.C. § 1957 and two counts of tax evasion under 26 U.S.C. § 7201. [Id. at ¶¶ 23–40].

Maike now moves for a bill of particulars for Counts 11 and 12 of the Second Superseding Indictment.

## II. LAW

Federal Rule of Criminal Procedure 7(f) provides that the Court "may direct the filing of a bill of particulars." "The Sixth Circuit has explained that a bill of particulars is meant to be used as a tool to minimize surprise and assist a defendant in obtaining the information needed to prepare his defense and to preclude a second prosecution for the same crime." *United States v. Jackson*, No. 5:14-CR-00012-TBR, 2015 WL 3970701, at *3 (W.D. Ky. June 30, 2015) (citing *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)). However, "it does not serve as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Id*. (citations omitted). "The relevant inquiry is whether the defendant has enough information about the offense charged to enable him to prepare for trial adequately." *Jackson*, 2015 WL 3970701, at *3 (citing *United States v. Graham*, 487 F. Supp. 1317, 1320 (W.D. Ky. 1980)). A court does not abuse its discretion by denying a bill of particulars where a detailed indictment exists. *See Salisbury*, 983 F.2d at 1375; *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir. 1986). "The question is not whether further particularity would assist the defendant; more information is always useful. The question is whether the specific context presented requires

further particularization in light of the limited reasons for Rule 7(f)." *United States v. Reid*, No. CR 07-110-DCR, 2008 WL 11414538, at *1 (E.D. Ky. Feb. 26, 2008).

## III. DISCUSSION

In Counts 11 and 12 of the Second Superseding Indictment (hereinafter "Indictment"), the Government charges Maike with tax evasion in violation of 26 U.S.C. § 7201. The Introduction to Counts 11 and 12 alleges that Maike was the Chief Executive Office of I2G which had a bank account in the name of Finance Ventures, LLC, into which Maike caused to be deposited cashier's checks received from investors in I2G. [DN 230, Complaint at ¶ 30]. The Indictment further asserts that RAW Ventures, LLC, was a nominee entity that Maike registered in the state of Kansas on or about November 14, 2013. On that date, RAW Ventures entered into two contracts for the purchase of three undeveloped tracts of land located near Manhattan, Kansas. The first contract related to the purchase of a tract of land for $962,000, to close in November 2013. The second contract related to the purchase of two other tracts of land for $2,368,000, to close in April 2014. [*Id.* at ¶ 31]. The Indictment further charges that between November 20, 2013, and November 27, 2013, Maike caused $965,000 to be transferred from the I2G business account in Kentucky, through a bank account located in Hong Kong, through a Kentucky bank account in the name of Maike's wife, and then to a title company in Kansas to purchase the first parcel of land. [*Id.* at ¶ 32]. Maike and his wife signed the land contract as the owners of RAW Ventures, and the recorded deed shows the owner of the real property to be RAW Ventures. [*Id.*].

According to the Indictment, on December 30, 2013, Maike opened a bank account at ESB Financial in Manhattan, Kansas, in the name of RAW Ventures and rented a safe deposit box. The Indictment charges that for the second real estate contract, Maike generated the closing proceeds utilizing funds he had received from people investing in I2G. Specifically, between February 27,

2014, and March 4, 2014, Maike caused three separate transfers to be made from I2G's business account in Owensboro, Kentucky, to the I2G Hong Kong bank account, and then to the Raw Venture's bank account in the amount of $1,400,000. On April 10, 2014, the Indictment alleges that Maike caused $1,360,00 to be transferred from I2G's Hong Kong bank account to RAW Venture's bank account in Kansas. Additionally, on April 29, 2014, Maike caused another $500,000 to be wired from the I2G Hong Kong account to the Raw Ventures bank account in Kansas. On April 30, 2014, Maike accessed the safe deposit box at ESB Financial in Kansas and removed $420,000 from the box and deposited that money into RAW Ventures' bank account. The Indictment alleges that approximately $2.3 million in investor funds from the RAW Ventures' bank account were then transferred to the title company to close on the second real estate contract. Additionally, on April 30, 2014, the Indictment alleges that Maike also transferred $85,000 in I2G investor funds from I2G's business account in Kentucky directly to the title company in Kansas. [*Id*. at ¶ 34].

The Indictment recites that on May 7, 2015, Maike produced fraudulent loan documents for $965,000 and $2,365,000 to conceal his receipt and use of I2G funds for the purchase of the Kansas real estate, establishing unsecured loans from a business to its principal owner featuring three percent and four percent interests rates, interests only payments for 10 years, and no initial payment required for 18 months. [*Id*. at ¶ 35].

In Count 11, the United States alleges the following:

> 36. From approximately November 2013 and continuing thereafter up to on or about May 7, 2015, in the Western District of Kentucky, and elsewhere, **RICHARD G. MAIKE**, the defendant, then a resident of Owensboro, Kentucky, did willfully attempt to evade and defeat a substantial income tax due and owing by him to the United States of America for the calendar year 2013, by committing and causing to be committed the following affirmative acts of evasion, among others:

(a) failing to observe corporate formalities and freely transferring monies from one corporate entity to another without making the usual customary business records to document transfers;
(b) using corporate funds for personal expenses;
(c) using a series of wire transfers through different corporate entities both inside and outside the United States to effect the purchase of real estate in Kansas, in an attempt to conceal the source of the funds;
(d) using a shell corporation as a nominee to hold title to a substantial asset purchased for the Defendant's personal use from corporate assets;
(e) creating false and fraudulent loan documents to conceal the use of I2G corporate funds for a substantial personal expenditure; and
(f) on or about November 24, 2014, submitting to the IRS a false IRS Form 1040 U.S. Individual Income Tax Return for calendar year 2013 on behalf of himself which was false and fraudulent in that it did not disclose $965,000 in misappropriated funds from Finance Ventures, Inc. dba Infinity 2 Global and used to purchase real estate in Kansas in November of 2013.
In violation of Title 26, United States Code, Section 7201.

[DN 230 at ¶ 36].

Similarly, in Count 12, the United States alleges that from approximately November 2013 to October 30, 2017, Maike "did willfully attempt to evade and defeat a substantial income tax due and owing by him to the United States of America for the calendar year 2014, by committing and causing to be committed" the same affirmative acts of evasion listed above in paragraph 36(a)–(e) and

(f) on or about October 30, 2017, submitting to the IRS a false IRS Form 1040 U.S. Individual Income Tax Return for calendar year 2014 on behalf of himself in that it did not disclose a total of $2,365,000 of misappropriated funds from Finance Ventures, Inc dba Infinity 2 Global. This $2,365,000 includes $420,000 in currency that Maike removed from a safety deposit box with ESB Financial and deposited into the RAW Ventures LLC bank account. All of the $2,365,000 was used to purchase real estate in Kansas.

[*Id*. at ¶ 38(f)].

Maike argues that ¶¶ 36 and 38 in the Indictment specifically identify two particular alleged acts of tax evasion. Maike maintains that what is unclear is whether subsections (a) through (e) of ¶¶ 36 and 38 are intended to allege any other specific act of tax evasion beyond that identified in

5

subsections (f). He contends that generalized statements such as "failing to observe corporate formalities" and "using corporate funds for personal expenses" are insufficient for Maike to identify which specific "use" and which allegedly un-observed "formalities" form the basis of these counts. Maike argues that he should not be left to guess what these generalized statements mean and risk being unprepared at trial to address some other act of alleged tax evasion not described with sufficient particularity.

Under 26 U.S.C. § 7201, "the government must prove 'willfulness, the existence of a tax deficiency, . . . and an affirmative act constituting an evasion or attempted evasion of the tax.'" *United States v. Gross*, 626 F.3d 289, 293 (6th Cir. 2010) (quoting *Boulware v. United States*, 552 U.S. 421, 424 n. 2 (2008)). In § 7201, Congress proscribed attempts to evade taxes "in any manner." "Recognizing this, the Supreme Court has held that the type of affirmative act that may constitute evasion is broad and has declined to define or limit it." *United States v. Daniels*, 699 F. App'x 469, 473 (6th Cir. 2017) (citing *Spies v. United States*, 317 U.S. 492, 499 (1943)). As noted by the Sixth Circuit, the Supreme Court in *Spies* provided a non-exhaustive list of qualifying affirmative acts, "such as keeping a double set of books, creating false documents, destroying books or other records, concealing assets, covering up sources of income, conducting business in a manner that avoids typical recordkeeping, and other conduct that is likely to mislead or conceal." *Daniels*, 699 F. App'x at 473.

The test for granting a motion for a bill of particulars is 'whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial.'" *United States v. Chalhoub*, No. 16-CR-23, 2018 WL 662361, at *1–2 (E.D. Ky. Feb. 1, 2018) (quoting *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981)). Here, the Indictment provides detailed and specific information about the nature of Maike's

conduct that serves as a basis for his tax evasion charges, including details regarding the affirmative acts of evasion outlined in paragraphs 30 through 35, the number and location of the money transfers, and the period of time of those transfers. Maike also received extensive pretrial discovery, including copies of the documents, checks, and bank statements relating to the transactions at issue. Finally, the United States provided Maike with a copy of its Proposed Exhibit List on March 13, 2020. [DN 298]. Accordingly, a bill of particulars is not warranted in this case because the Indictment contains the elements of the charged offenses, the Indictment sufficiently apprises Maike of the charges to enable him to prepare for trial, and the United States has provided Maike with sufficient discovery. *See United States v. Cooper*, No. 5:17-CR-35-KKC, 2018 WL 988072, at *6 (E.D. Ky. Feb. 20, 2018); *United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014) (upholding denial of a bill of particulars where the defendant received "ample discovery" related to the case).

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Richard G. Maike, for a bill of particulars for Counts 11 and 12 of the Second Superseding Indictment [DN 271] is **DENIED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: counsel of record

April 6, 2020