UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CRIMINAL ACTION NO. 4:17CR-00012-JHM

UNITED STATES OF AMERICA                                                                      PLAINTIFF

V.

RICHARD MAIKE, et al.                                                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Jason Syn, to unseal and disclose grand jury transcripts. [DN 345]. Syn moves for disclosure of grand jury transcripts claiming that in order to properly prepare for trial, he needs *Jencks* material to understand the specific evidence facing him. Furthermore, Syn argues that he needs the material to properly impeach the Government's evidence and that disclosure after a witness testifies will delay the proceedings. Syn represents he has demonstrated a particular need for the production of the grand jury transcripts to prevent injustice. [DN 345 at 3–4]. The United States opposes Syn's motion. [DN 348]. Syn did not file a reply. Fully briefed, this matter is ripe for decision.

To the extent that Syn is requesting discovery of the grand jury testimony of witnesses who will testify at trial, neither the *Jencks* Act, 18 U.S.C. § 3500, nor Rules 16 or 26.2 of the Federal Rules of Criminal Procedure will afford Syn the opportunity to review grand jury transcripts of any witnesses prior to conclusion of the witness's direct examination at trial. *See United States v. Ramirez*, No. 3:07-CR-44, 2007 WL 4118294, at \*6 (E.D. Tenn. Nov. 16, 2007). Thus, Syn bases his motion on Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure which provides in relevant part that: "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: (i) preliminarily to or in connection

with a judicial proceeding [or] (2) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury . . . ." Fed. R. Crim. P. 6(e)(3)(E)(i), (ii).

"There is a strong policy in favor of maintaining the secrecy of grand jury proceedings." *United States v. Azad*, 809 F.2d 291, 294 (6th Cir. 1987); *see also* Fed. R. Crim. P. 6(e). Transcripts are subject to this general rule of secrecy and may not ordinarily be disclosed. "Disclosure is proper only on a showing of 'compelling necessity' and 'particularized need.'" *Azad*, 809 F.2d at 295. Under the rule, "[t]he burden . . . is on the defense to show that 'a particularized need' exists for the [transcripts] which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). It is within the trial judge's discretion whether to grant or deny requests for the disclosure of grand jury proceedings. *United States v. Smith*, No. 02-20380 BV, 2004 WL 784521, *2 (W.D. Tenn. Jan. 26, 2004) (citing *United States v. Levinson*, 405 F.2d 971, 981 (6th Cir. 1968)).

Defendant Syn has failed to show a particularized need for grand jury transcripts that outweighs the policy of secrecy. *United States v. Johnston*, No. CR-03-1167-PHX-DGC, 2006 WL 276937, *3 (D. Ariz. Feb. 3, 2006). "[G]eneral statements that [defendants] need the grand jury testimony to prepare for trial and for possible impeachment of the witnesses are insufficient to demonstrate a particularized need for disclosure of grand jury testimony." *United States v. Ferguson*, 844 F. Supp. 2d 810, 829 (E.D. Mich. 2012). Thus, Syn's argument that he needs the material to understand the specific evidence facing him and to properly impeach the Government's evidence are insufficient to obtain the disclosure of the grand jury transcripts under Rule 6(e). Furthermore, "[a] 'generalized desire' to inspect the grand jury transcripts in the hopes that evidence beneficial to the defendant will be discovered does not satisfy the particularized need

requirement." *Smith*, 2004 WL 784521, *2.

For these reasons, the motion by the Syn for production of the grand jury transcripts [DN 345] is **DENIED.**

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

June 9, 2020

cc: counsel of record