FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date:                    . Sep 07, 2022

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CRIMINAL ACTION NO. 4:17-CR-00012-GNS

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

RICHARD G. MAIKE;
DOYCE G. BARNES; and
FARADAY N. HOSSEINIPOUR                                              DEFENDANTS

## JURY INSTRUCTIONS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available to you in the jury room.

## I.    GENERAL RULES CONCERNING JURY DUTY

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved that each defendant is guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

1

GS

The lawyers may talk about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

## A.   <u>Presumption of Innocence, Burden of Proof, Reasonable Doubt</u>

As you know, each defendant has pleaded not guilty to the crimes charged in the indictment.  The indictment is not any evidence of guilt.  It is just the formal way the government tells the defendants what crimes they are accused of committing.  It does not even raise any suspicion of guilt.

Instead, each defendant starts the trial with a clean slate, with no evidence at all against him or her, and the law presumes he or she is innocent.  This presumption of innocence stays with each defendant unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that a defendant is guilty.

This means the defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent.  It is up to the government to prove each defendant is guilty, and this burden stays on the government from start to finish.  You must find each defendant not guilty unless the government convinces you beyond a reasonable doubt that he or she is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.

G5

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved a defendant is guilty beyond a reasonable doubt, say so by returning a guilty verdict as to that defendant. If you are not convinced, say so by returning a not guilty verdict.

**B.   Evidence**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence, and my comments and questions are not evidence.

Sometimes I ordered you to consider some evidence for a particular purpose—e.g., some documents containing statements of only one defendant. You are to consider that evidence solely for the purpose of evaluating the credibility of those witnesses.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## C.     Direct & Circumstantial Evidence

Now, you have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## D.     Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness' testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness' testimony.

(a)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

4

(b)     Ask yourself how good the witness' memory seemed to be.  Did the witness seem able to accurately remember what happened?

(c)     Ask yourself if there was anything else that may have interfered with the witness' ability to perceive or remember the events.

(d)     Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(e)     Ask yourself if the witness had any relationship to the government or a defendant, or anything to gain or lose from the case, that might influence the witness' testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(f)     Ask yourself how believable the witness' testimony was in light of all the other evidence.  Was the witness' testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness' testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness' believability.  Use your common sense and your everyday experience in dealing with other people.  Then decide what testimony you believe, and how much weight you think it deserves.

One more point about the witnesses: sometimes jurors wonder if the number of witnesses who testified makes any difference.  Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witness was, and how much weight you think his or her testimony deserves.  Concentrate on that, not the numbers.

65

E.     **Lawyers' Objections**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged. The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

II.     **RULES OF LAW**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. Below, I will explain the elements of the crimes that the defendants are accused of committing.

But before I do that, I want to emphasize that each defendant is only on trial for the specific crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged as to each defendant.

**INSTRUCTION NO. 1**
**Separate Consideration – Multiple Defendants Charged with Different Crimes**

(1)    The defendants have been charged with different crimes.  I will explain to you in more detail shortly which defendants have been charged with which crimes.  But before I do that, I want to emphasize several things.

(2)    The number of charges is no evidence of guilt, and this should not influence your decision in any way.  And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them.  For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

(3)    Your decision on any one defendant or one charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

7

## INSTRUCTION NO. 2
### Inferring Required Mental State

(1)     Next, I want to explain something about proving a defendant's state of mind.

(2)     Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)     But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4)     You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

8

## INSTRUCTION NO. 3
### Conspiracy to Commit Mail Fraud

(1)    Count 1 of the Second Superseding Indictment accuses the defendants of a conspiracy to commit the crime of mail fraud in violation of federal law.  It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2)    A conspiracy is a kind of criminal partnership.  For you to find any one of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A)    First, that two or more persons, (including the defendants or Richard Anzalone), conspired or agreed to do something the law forbids; in this case, to commit the crime of mail fraud, as defined in Instruction No. 8.

(B)    Second, that the defendant knowingly and voluntarily joined the conspiracy.

(3)    You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of this conspiracy charge.

## INSTRUCTION NO. 4
### Conspiracy to Commit Securities Fraud

(1)     Count 13 of the Second Superseding Indictment accuses defendants of a conspiracy to commit the crime of securities law in violation of federal law.  It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2)     A conspiracy is a kind of criminal partnership.  For you to find any one of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A)     First, that two or more persons conspired or agreed to do something the law forbids in this case, to commit the crime of securities fraud, as defined in Instruction No. 9;

(B)     Second, that the defendant knowingly and voluntarily joined the conspiracy; and

(C)     Third, that a member of the conspiracy committed an overt act as described in Instruction No. 7.

(3)     You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge.

10

## INSTRUCTION NO. 5
### Agreement

(1)     With regard to the first element of a conspiracy—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of mail fraud as charged in Count 1 or securities fraud as charged in Count 13.

(2)     This does not require proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details.  But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.  These are things that you may consider in deciding whether the government has proved an agreement.  But without more they are not enough.

(3)     What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of mail fraud or securities fraud.  This is essential.

(4)     An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

## INSTRUCTION NO. 6
### Defendant's Connection to the Conspiracy

(1)      If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant, the government must prove that he or she knew the conspiracy's main purpose (i.e., to commit fraud), and that he or she voluntarily joined it intending to help advance or achieve its goals.

(2)      This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he or she was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his or her connection to it was substantial. A slight role or connection may be enough.

(3)      But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he or she approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him or her a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(4)      A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he or she knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

GS

## INSTRUCTION NO. 7
### Overt Acts

(1)    For Count 13, the third element that the government must prove is that a member

of the conspiracy committed an overt act for the purpose of advancing or helping the conspiracy

to commit securities fraud with respect to the sale of the following securities:

| Victim-Investor | Date | Amount |
|---|---|---|
| K.H. | 06/21/2013 | $5,000.00 |
| K.H. | 06/24/2013 | $5,000.00 |
| J.A. | 06/17/2013 | $1,020.00 |
| J.A. | 07/22/2013 | $4,000.00 |
| Q.P. | 01/16/2014 | $35,136.50 |
| Q.P. | 01/23/2014 | $25,099.75 |
| B.F. | 02/12/2014 | $5,000.00 |
| S.V. | 02/07/2014 | $5,000.00 |
| B.W. | 05/31/2014 | $5,019.95 |
| B.W. | 06/27/2014 | $5,000.19 |
| M.K. | 12/06/2013 | $20,079.80 |
| M.K. | 12/26/2013 | $100,399.00 |
| S.J. | 12/13/2013 | $20,079.80 |
| S.J. | 12/26/2013 | $30,119.70 |
| S.J. | 12/27/2013 | $20,079.80 |
| S.J. | 12/30/2013 | $25,099.75 |
| M.L.1 | 08/21/2014 | $50,000.00 |

| Victim-Investor | Date | Amount |
| --- | --- | --- |
| N.M. | 10/02/2014 | $30,000.00 |
| M.L.2 | 10/30/2014 | $15,059.85 |
| S.H. | 11/25/2014 | $15,059.85 |

(2)    The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.  But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy.  This is essential.

(3)    One more thing about overt acts.  There is a limit on how much time the government has to obtain an indictment.  This is called the statute of limitations.  For you to return a guilty verdict on the conspiracy charge in Count 13, the government must convince you beyond a reasonable doubt that at least one overt act was committed for the purpose of advancing or helping the conspiracy after November 13, 2014.

14

## INSTRUCTION NO. 8
### Mail Fraud – Defined

(1)     As the term "mail fraud" is used in Instruction No. 3, it has four elements:

(A)     First, that the defendant knowingly participated in or devised a scheme to defraud in order to deprive another of money or property, that is through the sale of Emperor positions in Infinity 2 Global or i2g;

(B)     Second, that the scheme included a material misrepresentation or concealment of a material fact;

(C)     Third, that the defendant had the intent to defraud; and

(D)     Fourth, that the defendant used the mail or caused another to use the mail in furtherance of the scheme.

(2)     Now I will give you more detailed instructions on some of these terms.

(A)     A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

(B)     A "pyramid scheme" is any plan, program, device, scheme, or other process characterized by the payment by participants of money to the company in return for which they receive the right to sell a product and the right to receive in return for recruiting other participants into the program rewards which are unrelated to the sale of the product to ultimate users.  The structure of a pyramid scheme suggests that the focus is on promoting the sale of interests in the venture rather than the sale of products, where participants earn the right to profits by recruiting other participants, who themselves are interested in

recruitment fees rather than products.  A pyramid scheme constitutes a scheme or artifice to defraud for purposes of this instruction.

(C)     The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth.  They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

(D)     An act is "knowingly" done if done voluntarily and not because of mistake or some other innocent reason.

(E)     A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

(F)     To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of depriving another of money or property.

(G)     To "cause" the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen.

(3)     It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme.

16

## INSTRUCTION NO. 9
### Securities Fraud - Defined

(1)     As used in Instruction No. 4, the term "securities fraud" has four elements:

(A)     First, that the defendant knowingly either (i) employed any device, scheme, or artifice to defraud; or (ii) made any untrue statement of a material fact, or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (iii) engaged in a transaction, practice, or course of business which operated or would operate as a fraud and deceit on any person;

(B)     Second, that the defendant did so in connection with the purchase or sale of securities related to i2G;

(C)     Third, that in connection with this purchase or sale the defendant made use of or caused the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange; and

(D)     Fourth, that the defendant acted with the intent to defraud.

(2)     The term "pyramid scheme", as defined in Instruction No. 8, constitutes a scheme or artifice to defraud for purposes of this instruction.

(3)     The term "security" includes any note, stock, bond, debenture, and investment contract.

(4)     The term "investment contract" refers to a contract transaction or scheme whereby a person invests his or her money, in a common enterprise, and is led to expect profits derived primarily from the efforts of others (i.e., persons other than the investor).  A common enterprise

17

ties the interest of each investor in a pool of investors to the success of the overall venture such that the investors share a common fortune.

(5)     The term "interstate commerce" refers to the trade or commerce in securities or any transportation or communication relating to such trade or commerce among the several states.

(6)     The government is required to prove the defendant knowingly engaged in fraudulent conduct but not as to the knowledge that any investment contract used was a security. The government need only prove that the object sold or offered was, in fact, a security; it need not be proved that the defendant had specific knowledge that the object sold or offered was a security.

## INSTRUCTION NO. 10
### Unindicted, Unnamed, or Separately Tried Co-Conspirators

(1)     Some of the people who may have been involved in these events related to the charged conspiracies are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

(2)     An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them.  Whether they are named or not does not matter.

19

## INSTRUCTION NO. 11
**Venue**

(1)     Some of the events that you have heard about happened in other places.  There is no requirement that the entire conspiracy take place here in Kentucky.  But for you to return a guilty verdict on either conspiracy charge, the government must convince you that either the agreement, or one of the acts in furtherance took place here in the Western District of Kentucky.

(2)     Unlike all the other elements that I have described, this is just a fact that the government only has to prove by a preponderance of the evidence.  This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here.

(3)     Remember that all the other elements I have described must be proved beyond a reasonable doubt.

20

**INSTRUCTION NO. 12**
**Fraud – Good Faith Defense**

(1)     The good faith of a defendant is a complete defense to the charge of conspiracy to commit mail fraud in Count 1 of the Second Superseding Indictment and conspiracy to commit securities fraud in Count 13 of the Second Superseding Indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

(2)     A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong.  An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

(3)     A defendant does not act in good faith if, even though he or she honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

(4)     Good faith does not include the defendant's belief or faith that the venture will eventually meet his or her expectations.

(5)     While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

(6)     The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case.  It is the government's burden to prove to you, beyond a reasonable doubt, that each defendant acted with an intent to defraud.

6S

(7)    If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

**INSTRUCTION NO. 13**
**Money Laundering – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity**

(1)    Counts 2 through 10 of the Second Superseding Indictment charge Defendant Richard G. Maike with engaging in monetary transactions in violation of federal law.   The indictment lists the following monetary transactions:

| Count | Date | Amount | Description |
|---|---|---|---|
| 2 | 11/20/2013 | $965,000 | Wire transfer from PNC (Acct. 9374) to HSBC (Acct. 3838) |
| 3 | 11/25/2013 | $965,000 | Wire transfer from HSBC (Acct. 3838) to Chase (Acct. 6309) |
| 4 | 11/26/2013 | $964,000 | Wire transfer from Chase (Acct. 6309) to Charles Wilson Title |
| 5 | 04/10/2014 | $1,360,000 | Wire transfer from HSBC (Acct. 3838) to ESB RAW Ventures (Acct. 1304) |
| 6 | 04/11/2014 | $1,372,971 | Wire transfer from ESB Raw Ventures (Acct. 1304) to Charles Wilson Title |
| 7 | 04/29/2014 | $500,000 | Wire transfer from HSBC (Acct. 3838) to ESB RAW Ventures (Acct. 1304) |
| 8 | 04/30/2014 | $420,000 | Currency deposit to ESB RAW Ventures |
| 9 | 04/20/2014 | $920,000 | Wire transfer from ESB RAW Ventures (Acct. 1304) to Charles Wilson Title |
| 10 | 04/20/2014 | $85,000 | Wire transfer from Finance Ventures (Fifth Third Acct. 1755) to Charles Wilson Title |

For you to find the defendant guilty of any of these crimes, you must find that the government has proved each and every one of the following elements for any count beyond a reasonable doubt:

(A)   First, that the defendant knowingly engaged in the monetary transaction;

(B)   Second, that the monetary transaction was in property derived from specified unlawful activity;

(C)   Third, that the property had a value greater than $10,000;

(D)   Fourth, that the defendant knew that the transaction was in criminally derived property; and

(E)   Fifth, that the monetary transaction took place within the United States, or outside the United States but the defendant is a United States person.

(2)   Now I will give you more detailed instructions on some of these terms.

(A)   The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

(B)   The term "specified unlawful activity" means any act or activity constituting an offense under Title 18, United States Code, Section 1961(1), including mail fraud (as part of the conspiracy to commit mail fraud) or securities fraud (as part of the conspiracy to commit securities fraud).

(C)   The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.

(D)   The term "United States person" includes any person within the United States.

(3)   If you are convinced that the government has proved all of these elements for any count, say so by returning a guilty verdict as to that count. If you have a reasonable doubt about

65

any one of these elements as to any count, then you must find the defendant not guilty of the crime charged in that count.

**INSTRUCTION NO. 14**
**Attempted Tax Evasion**

(1)       Counts 11 and 12 of the Second Superseding Indictment charge Defendant Richard

G. Maike with attempted tax evasion.  Count 11 charges that Defendant Richard G. Maike willfully

attempted to evade and defeat a substantial income tax due and owing by him to the United States

of America for the calendar year 2013.   Count 12 charges that Defendant Richard G. Maike

willfully attempted to evade and defeat a substantial income tax due and owing by him to the

United States of America for the calendar year 2014.  The crime of tax evasion has three elements:

(A)       One, the defendant owed substantial income tax in addition to that which he

reported on his return;

(B)       Two, the defendant attempted to evade and defeat that additional tax; and

(C)       Three, the defendant acted willfully.

(2)       To "attempt to evade or defeat" a tax involves two things:  first, an intent to evade

or defeat the tax; and second, some act willfully done in furtherance of such intent.  So, the word

"attempt" contemplates that the defendant knew and understood that, during the calendar year

charged, he had some income which was taxable, and which he was required by law to report; but

that he nevertheless attempted to evade or defeat all or a substantial portion of the tax on that

income, by willfully failing to report all his known income which he knew he was required by law

to state in his return for such year; or in some other way or manner.

(3)       To "evade and defeat" a tax means to escape paying a tax by means other than

lawful avoidance.

(4)     Various schemes, subterfuges, and devices may be resorted to, in an attempt to evade or defeat a tax.  The statute makes it a crime willfully to attempt, in any way or manner, to evade or defeat any income tax imposed by law.

(5)     An attempt to evade an income tax for one year is a separate offense from the attempt to evade the tax for a different year.

(6)     Even though the indictment alleges a specific amount of tax due for each of the calendar years, the proof need not show the precise amount of the additional tax due.  The government is only required to establish, beyond a reasonable doubt, that the defendant attempted to evade a substantial income tax, whether greater or less than the amount charged in the indictment.

(7)     The fact that an individual's name is signed to a return means that, unless and until outweighed by evidence in the case which leads you to a different or contrary conclusion, you may find that a filed tax return was in fact signed by the person whose name appears to be signed to it.  If you find proof beyond a reasonable doubt that the defendant had signed his tax return, that is evidence from which you may, but are not required to, find or infer that the defendant had knowledge of the contents of the return.

(8)     To act "willfully" means to voluntarily and intentionally violate a known legal duty.

(9)     The government's proof need not show the precise amount of the additional tax due.  The government is only required to establish beyond a reasonable doubt, that the defendant attempted to evade a substantial income tax.

(10)     The withdrawal of monies from a business can be treated for tax purposes as either a loan or income.  Whether the transfer of funds is a legitimate arms-length loan or a sham loan and should therefore be treated as income, is a question of fact for you to decide.  In determining

whether such a transfer is a legitimate loan or a sham loan, the intent of the parties controls the analysis.  The parties must have an actual intent that the money advanced will be repaid.  Objective factors which you may consider include normal security, interest, and repayment arrangements (or effects to secure same).

(11)    If you are convinced that the government has proved all of the elements for any count, say so by returning a guilty verdict as to that count.  If you have a reasonable doubt about any one of the elements as to any count, then you must find the defendant not guilty of the crime charged in that count.

**INSTRUCTION NO. 15**
**Advice of Accountant Defense**


In connection with the attempted tax evasion counts (Counts 11 and 12) against Defendant Richard G. Maike, a person does not commit a deliberate fraud or act deliberately if his words and actions are done in good faith. A person speaks or acts in good faith if he honestly believes that his business idea is practical, legal and has a reasonable chance of success even though you might believe with the benefit of hindsight that the plan was impractical and unlikely to succeed.

Advice of an accountant is not a defense to the crimes charged under the indictment. It is only a circumstance that may be considered in determining whether the defendant acted in good faith and lacked the intent to defraud.

Reliance on the advice of an accountant, among other things, may constitute good faith. A defendant would not be acting with intent to defraud if, before taking any action with regard to the alleged offense, he consulted in good faith an accountant whom he considered competent, and made a full and accurate report to that accountant of all material facts of which he had the means of knowledge, and then acted in accordance with the advice given to him by that accountant.

However, acting upon advice of an accountant does not under all circumstances confer complete immunity on a defendant. No one can intentionally and knowingly violate the law and excuse himself from the consequences by claiming that he followed advice of an accountant.

Whether a defendant acted in good faith for the purpose of seeking advice concerning questions about which he was in doubt, and whether he made a full and complete report to that accountant, and whether he acted in accordance with the advice he received, are all questions for you to determine.

# INSTRUCTION NO. 16
## Opinion Testimony

(1)     You have heard the testimony of William Keep, Chad Harlan, Manning Warren, and Jason Falls, who testified as opinion witnesses.

(2)     You do not have to accept any opinion witness's opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions.  Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3)     Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 17
### Testimony of a Witness Under Grant of Reduced Criminal Liability

(1)   You have heard the testimony of Richard Anzalone.  You have also heard that the government has agreed that a reduced sentence is appropriate in exchange for his cooperation.

(2)   It is permissible for the government to make such a promise.  But you should consider Richard Anzalone's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

(3)   Do not convict any defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

31

# INSTRUCTION NO. 18
## Defendant's Election Not to Testify

(1)    A defendant has an absolute right not to testify.  The fact that he or she did not testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.

(2)    Remember that it is up to the government to prove a defendant guilty beyond a reasonable doubt.  It is not up to a defendant to prove that he or she is innocent.

**INSTRUCTION NO. 19**
**Impeachment by Prior Inconsistent Statement Not Under Oath**

(1)     You have heard the testimony of witnesses before this trial made statements that may be different from that witness's testimony here in court.

(2)     These earlier statements were brought to your attention only to help you decide how believable the witness's testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating witness's testimony here in court.

**INSTRUCTION NO. 20**
**Character and Reputation of Defendants**

You have heard testimony about a defendant's good character.  You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that the defendant committed the crime charged.

## INSTRUCTION NO. 21
### Verdict Limited to Charges Against Defendants

(1)     Remember that the defendants are only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

(2)     Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved each defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 22
### Summaries and Other Materials Not Admitted in Evidence

During the trial you have seen counsel use certain summaries and charts which were offered to assist in the presentation and understanding of the evidence.  This material is not itself evidence and must not be considered as proof of any facts.

## INSTRUCTION NO. 23
### Secondary-Evidence Summaries Admitted in Evidence

(1)     During the trial, you have seen or heard summary evidence in the form of certain summaries and charts.  These summaries and charts were admitted in evidence, in addition to the material they summarize, because they may assist you in understanding the evidence that has been presented.

(2)     But the summaries and chart are not evidence of the material they summarize, and are only as valid and reliable as the underlying material they summarize.

### III.    **JURY DELIBERATIONS**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to a court security officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the court security officer. The court security officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 10-2, or 2-10, or whatever your vote happens to be. That should stay secret until you are finished.

### A.    **Experiments, Research, Investigation, and Outside Communications**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**B.    <u>Unanimous Verdict</u>**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find a defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his or her guilt beyond a reasonable doubt.

To find a defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count as to any defendant named.

## C.     Duty to Deliberate

Now that all the evidence is in—and once the arguments are completed—you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So, you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government proved the Defendant guilty beyond a reasonable doubt.

## D.     Punishment

If you decide the government has proved a defendant is guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved each defendant guilty beyond a reasonable doubt.

E.      **Return of Verdict Form**

I have prepared a verdict form that you should use to record your verdict as to each charge.

If you decide that the government has proved the charges against a defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide the Government has not proved the charges against a defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

F.      **Verdict Limited to Charges Against these Defendants**

Remember that the defendants are only on trial for the specific crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

G.      **Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendants guilty beyond a reasonable doubt.

H.      **Juror Notes**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of any evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

I.      **In/On or About**

The indictment charges that certain counts happened "on or about" the following dates:

Count 1 - Conspiracy to Commit Mail Fraud

February 6, 2013, continuing through December 31, 2014

Count 2 – Money Laundering

November 20, 2013

Count 3 – Money Laundering

November 25, 2013

Count 4 – Money Laundering

November 26, 2013

Count 5 – Money Laundering

April 10, 2014

Count 6 – Money Laundering

April 11, 2014

Count 7 – Money Laundering

April 29, 2014

Count 8 – Money Laundering

April 30, 2014

Count 9 – Money Laundering

April 20, 2014

Count 10 – Money Laundering

April 20, 2014

Count 11 – Attempted Tax Evasion

Approximately November 2013, continuing to May 7, 2015

Count 12 – Attempted Tax Evasion

Approximately November 2013, continuing to October 30, 2017

Count 13 – Conspiracy to Commit Securities Fraud

(a) June 21, 2013
(b) June 24, 2013
(c) June 17, 2013
(d) July 22, 2013
(e) January 16, 2014
(f) January 23, 2014
(g) February 12, 2014
(h) February 7, 2014
(i) May 31, 2014
(j) June 27, 2014
(k) December 6, 2013
(l) December 26, 2013
(m) December 13, 2013
(n) December 26, 2013
(o) December 27, 2013

(p) December 30, 2013
(q) August 21, 2014
(r) October 2, 2014
(s) October 30, 2014
(t) November 25, 2014

The government does not have to prove that each crime happened on that exact date.  But the government must prove that each crime happened reasonably close to that date.

J.        **Statements by Defendants**

You have heard evidence that a defendant made statements in which the government claims he or she admitted certain facts.  It is for you to decide whether a defendant made such a statement, and, if so, how much weight such statement deserves.  In making these decisions, you should consider all of the evidence about such statement, including the circumstances under which the defendant allegedly made it.

You may not convict a defendant solely upon his or her own uncorroborated statement or admission.